IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOAN L. GILLHAM, | |
| Plaintiff, | |
| v. | No. 3:22-cv-00611-M-BT |
| VIRGIN ISLANDS SUPREME COURT et al., | |
| Defendants. | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

*Pro se* Plaintiff Joan Gillham filed this civil rights action against Defendants Virgin Islands Supreme Court, Virgin Islands Bar Association, and Tanisha Bailey-Roka. Am. Compl. 1-2 (ECF No. 11). The Supreme Court and Bailey-Roka filed a motion to dismiss pursuant to Rules 12(b)(2), 12(b)(3), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. Defs.' Mot. 1 (ECF No. 21). For the reasons explained, the Court should GRANT in part the Supreme Court and Bailey-Roka's motion under Rule 12(b)(3) and TRANSFER this case to the United States District Court for the District of the Virgin Islands.

### Background

Gillham is an attorney licensed by the Virgin Islands Bar Association since 2010. *See* Am. Compl. 1, 4-5. However, she resides in Dallas, Texas. *Id.* And she does not maintain a residence or work in the Virgin Islands. *See id.*

1

According to Gillham, the Virgin Islands Office of Disciplinary Counsel (ODC) is an office within the judicial branch of the Virgin Islands government. *Id.* at 4. The ODC operates under the exclusive control of the Virgin Islands Supreme Court. *Id.* The ODC investigates and prosecutes complaints against Virgin Islands attorneys for violations of the Virgin Islands Rules of Professional Conduct. *Id.* Bailey-Roka is the head of the ODC. *Id.*

Among other responsibilities, according to Gillham, the Virgin Islands Bar Association maintains her licensure. *Id.* at 5-10. Accordingly, it enforces continuing legal education (CLE) requirements. *Id.* In cooperation with the ODC and the Supreme Court, the Bar Association also collects personal and professional data required by rules enacted by the Supreme Court. *Id.* at 15-23.

From 2018 to 2021, the Virgin Islands Supreme Court, the Bar Association, and Bailey-Roka, in her capacity as head of the ODC, promulgated, adopted, and enforced new rules for attorneys licensed in the Virgin Islands. *See* Am. Compl. 16, 21-25. One rule required attorneys to file their physical business and home addresses with the Bar Association. *Id.* Another rule ended reciprocation of CLE credit from 38 states, including Texas. *Id.* In other words, an attorney could no longer take a CLE course administered under the Texas Bar Association to receive CLE credit under the rules of the Virgin Islands Bar Association. *See id.* Gillham objects to both rules on constitutional grounds, alleging these changes were directed at her and other off-island attorneys. *Id.*

First, Gillham claims the requirement to provide her physical home and business addresses discriminates against her purported disability, age, and residency. *Id.* at 22. According to Gillham, her disability and age make it difficult for her to reach her home's mailbox. *Id.* at 17. Therefore, she prefers to use a post-office box. *Id.* at 15. Before this year, Gillham only provided the Bar Association with her post-office box address. *Id.* After the new rule went into effect, Gillham failed to share her physical addresses with the Bar Association. *See id.* at 26. According to Gillham, the ODC threatened to suspend her Virgin Islands law license unless she provided them her physical addresses. *Id.*

Second, Gillham alleges the Bar Association's rejection of Texas CLE credit discriminates against her residency and disability. *Id.* at 22. Previously, Gillham satisfied the Virgin Islands Bar Association CLE requirements by taking CLE courses offered in Texas and administered by the Texas Bar Association. *See id.* at 5. Since the Virgin Islands Bar Association stopped accepting CLE credit from Texas, Gillham alleges that it is more difficult for her to obtain CLE credits and satisfy the Bar Association's requirements. *Id.* at 19. Therefore, this rule change purportedly discriminates against her because it disproportionately affects disabled people and discriminates against off-island attorneys generally based on their residency. *Id.*

Based on these alleged facts, Gillham filed suit in the Northern District of Texas alleging the Virgin Islands Supreme Court, the Bar Association, and Bailey-Roka discriminated against her and violated her constitutional rights based on her

age, disability, and residency. *See generally* Am. Compl. The Supreme Court and Bailey-Roka filed the pending motion under Rules 12(b)(2), 12(b)(3), 12(b)(5), and 12(b)(6). Defs.' Mot. 1 (ECF No. 21); *see* Fed. R. Civ. P. 12(b)(2)-(3), (5)-(6). Gillham filed her response (ECF No. 36), and the Supreme Court and Bailey-Roka filed their reply (ECF No. 42). Accordingly, this motion is fully briefed and ripe for determination.

## Preliminary Matter

The Supreme Court and Bailey-Roka filed their motion under multiple Federal Rules of Civil Procedure, including Rule 12(b)(3), which allows for a court to dismiss or transfer a case for improper venue. A court typically decides personal jurisdiction questions before considering any venue challenges. But "when there is a sound prudential justification for doing so," a court may reverse the normal order. *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979) (explaining that "neither personal jurisdiction nor venue is fundamentally preliminary").

In this case, resolution of the venue issue renders the personal jurisdiction problem moot. It is thus appropriate to consider venue as an initial matter. *See, e.g.*, *Nuttall v. Juarez*, 984 F. Supp. 2d 637, 642 (N.D. Tex. 2013) (Lynn, J.) (finding it appropriate to consider venue first because doing so obviated the need to resolve questions raised by a personal jurisdiction challenge). Furthermore, the Court should pretermit the Supreme Court and Bailey-Roka's other arguments under Rules 12(b)(5) and 12(b)(6), as well as the other pending motions in this case, because venue is not proper in the Northern District of Texas, and the Court

4

should transfer this case to the United States District Court for the District of the
Virgin Islands.[1] The transferee court may consider the remaining arguments in the
pending motions.

## Legal Standards

Under Rule 12(b)(3), a party may move to dismiss or transfer a claim for
improper venue. Fed. R. Civ. P. 12(b)(3). The Fifth Circuit has not ruled on which
party bears the burden on a Rule 12(b)(3) motion, but "most district courts within
this circuit have imposed the burden of proving that venue is proper on the plaintiff
once a defendant has objected to the plaintiff's chosen forum." *Galderma Labs.,
LP v. Teva Pharm. USA, Inc.*, 290 F. Supp. 3d 599, 605 (N.D. Tex. 2017) (Lynn,
C.J.) (collecting cases); *see Floyd v. Kelly Servs., Inc.*, 2019 WL 4452309, at *1
(N.D. Tex. Aug. 30, 2019) (Rutherford., J.), *rec. adopted*, 2019 WL 4447538 (N.D.
Tex. Sept. 16, 2019) (Kinkeade, J.).

When deciding a Rule 12(b)(3) motion, the Court must accept as true all
allegations in the complaint and resolve all conflicts in favor of the plaintiff.
*Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir.
2007) (per curiam) (citations omitted). The court may consider evidence in the

---

[1] The Bar Association filed a motion for judgment on the pleadings pursuant to
12(c). VIBA's Mot. 1 (ECF No. 30). And Gillham filed a motion for leave to file a
second amended complaint (ECF No. 27), a motion for limited discovery (ECF No.
33), a motion to disqualify the Supreme Court and Bailey-Roka's counsel (ECF No.
40), and a motion for leave to file under seal 112-pages of the Supreme Court's
records from Gillham's disciplinary action (ECF No. 43). These motions are fully
briefed and ripe for determination. However, as explained in this
recommendation, this Court is not the proper venue for this action.

record beyond the facts alleged in the complaint and its proper attachments. *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (citations and internal quotation marks omitted) ("[T]he court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."). "Absent an evidentiary hearing on a Rule 12(b)(3) motion, affidavits and other evidence submitted by the non-moving party are viewed in the light most favorable to that party." *Mem'l Hermann Health Sys. v. Blue Cross Blue Shield of Tex.*, 2017 WL 5593523, at *4 (S.D. Tex. Nov. 17, 2017) (citing *Ambraco*, 570 F.3d at 238).

The general venue statute, 28 U.S.C. § 1391, provides that venue is proper: (1) in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;" (2) in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;" and (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(1)-(3). If, after considering all the evidence, a plaintiff's choice of forum does not fall within one of the § 1391(b) categories, then "venue is improper, and the case must be dismissed or transferred under [28 U.S.C.] § 1406(a)." *Atl.*

6

*Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 56 (2013).

Under 28 U.S.C. § 1406(a), a court "of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The court "has broad discretion in determining whether to dismiss or transfer a case in the interest of justice under § 1406(a)." *Nam v. Tex Net, Inc.*, 2021 WL 535852, at *4 (N.D. Tex. Feb. 12, 2021) (Scholer, J.) (citation omitted). Rather than "risk creating piecemeal litigation" or "encourage duplicative litigation," a court has the power to "transfer the entire case, in which all claims require similar proof, to a court where the case could have been properly filed." *Martinez v. Angel Expl., LLC*, 2013 WL 1496954, at *5 (N.D. Tex. Apr. 11, 2013) (Robinson, J.) (internal quotations and citation omitted) (cases collected).

## Analysis

A.  <u>Venue is not proper in the Northern District of Texas.</u>

According to Gillham's live pleading, Bailey-Roka is a citizen and resident of the Virgin Islands. Am. Compl. at 2. The Bar Association is an unincorporated association that resides and is headquartered with its principal place of business in the Virgin Islands. *Id.* The Supreme Court "heads the judicial branch of the local sovereign Government of the Virgin Islands" and is headquartered with its principal place of business in the Virgin Islands. *Id.* at 1. For venue purposes, an unincorporated entity resides where it has its principal place of business. *See Blue*

*Racer Midstream, LLC v. Kelchner, Inc.*, 2018 WL 993781, at *1 (N.D. Tex. Feb. 21, 2018) (Kinkeade, J.) (citing first *Penrod Drilling Co. v. Johnson*, 414 F.2d 1217, 1221 (5th Cir. 1969), and then *Nayani v. Horseshoe Entm't*, 2007 WL 1062561, at *8 (N.D. Tex. Apr. 10, 2007) (Lynn, J.)). Accordingly, all Defendants reside in the Virgin Islands. And because no Defendant resides in the Northern District of Texas, venue is not proper here under § 1391(b)(1).

Furthermore, according to Gillham's factual allegations, all of the alleged discriminatory actions—the promulgation, adoption, and enforcement of changes in the rules for Virgin Islands attorneys between 2018 and the present—occurred in the Virgin Islands. *See* Am. Compl. 5-11, 13-19. No Defendant traveled to Texas or conducted any activities in the state. Therefore, no part of the events giving rise to Gillham's claims occurred in the Northern District of Texas, and venue is not proper here under § 1391(b)(2).

Gillham could have brought this case in the District Court for the District of the Virgin Islands because all Defendants are residents of the Virgin Islands and because all the events giving rise to Gillham's claims occurred there. Thus, venue is not proper here under § 1391(b)(3) because the case could have been brought in the Virgin Islands under § 1391(b)(1) or (b)(2).

Gillham argues venue is proper in the Northern District of Texas because "a substantial part of the events . . . giving rise to [her] claims occurred in this judicial district" because she "was domiciled in Texas[ ] and continued to be domiciled in Texas the entire time of her licensure" and because the Supreme Court "has directly

recruited Texas residents for employment . . . by sending emails with the job announcement." Pl.'s Resp. 9-10. But "[i]n determining whether or not venue is proper, the Court looks to the defendant's conduct[] and where that conduct took place." *See Bigham v. Envirocare of Utah, Inc.*, 123 F. Supp. 2d 1046, 1048 (S.D. Tex. 2000) (citing *Woodke v. Dahm*, 70 F.3d 983, 985-86 (8th Cir. 1995)); *see also Gault v. Yamunaji, LLC*, 2009 WL 10699952, at *5 (W.D. Tex. Apr. 17, 2009) ("§ 1391(b)(2) requires courts to focus on the *defendant's* conduct alone." (emphasis in original)).

The mere fact that a plaintiff residing in a given judicial district feels the effects of defendants' conduct in that district does not mean that the events giving rise to the claim occurred in that district. *See Bigham*, 123 F. Supp. 2d at 1048; *see also Fowler v. Deloitte & Touche, LLP*, 2017 WL 1293983, at *3 (W.D. La. Mar. 24, 2017) ("To allow a plaintiff to establish venue on the basis of [her] whereabouts when relevant events occurred would render the venue statute all but meaningless."). And, more importantly, Gillham does not allege in her complaint that Defendants' efforts to recruit Texas residents gave rise to her discrimination claims. Therefore, Gillham's arguments that a substantial part of the events giving rise to her claims occurred in the Northern District of Texas lack merit.

Gillham also alleges that venue is proper in the Northern District of Texas because she resides in this judicial district, Defendants are part of the federal government, and there is no real property involved in this action. Pl.'s Br. 6, 9 (citing 28 U.S.C. § 1391(e)). She argues venue is proper here because the Virgin

Islands government is not a separate instrumentality from the federal government since laws of U.S. territories, like the Virgin Islands, and federal laws are "creations emanating from the same sovereignty," which is why "federal and territorial prosecutors do not derive their powers from independent sources of authority." Pl.'s Resp. 7-8 (citing *Puerto Rico v. Sanchez Valle*, 579 U.S. 59, 60 (2016)). And Gillham concludes that she is suing an officer and agencies of the federal government since she is suing the Virgin Islands Supreme Court, the head of the ODC, and the Bar Association—all which derive their power from the federal government, according to her. Therefore, Gillham relies on 28 U.S.C. § 1391(e), the special venue provision applicable to a plaintiff stating claims against "an officer or employee of the United States or any agency thereof acting in [her] official capacity or under color of legal authority, or an agency of the United States, or the United States."

Gillham's argument that there is no difference between suing an arm of the Virgin Islands government and an agency of the United States ignores the ways in which the Virgin Islands is distinct from the federal government. *See, e.g.*, *In re Estate of Hooper*, 359 F.2d 569, 578 (3d Cir. 1966) ("[T]he Revised Organic Act has conferred upon [the Virgin Islands] attributes of autonomy similar to those of a sovereign government or a state."); *see also, e.g.*, *United States v. Southland Gaming of the V.I., Inc.*, 182 F. Supp. 3d 297, 310-11 (D.V.I. 2016) ("Virgin Islands is neither an agency nor an instrumentality of the United States Government for purposes of the civil provisions of the FCA."). Some relevant examples of the

autonomy of the Virgin Islands include Congress's specifications that "[t]he government of the Virgin Islands . . . shall have the right to sue by such name and in cases arising out of contract, to be sued," 48 U.S.C. § 1541; that "the rules governing the practice and procedure" in the Virgin Islands courts "shall be governed" by local Virgin Islands law and rules, *id.* § 1611(c); and that the relationship between Virgin Islands courts and U.S. courts is the same as between state courts and U.S. courts, *id.* § 1613. Therefore, the relationship between the Virgin Islands and U.S. federal government is more nuanced than Gillham recognizes. Furthermore, Gillham's theory that the Virgin Islands is subject to suit in any forum a plaintiff resides if no real property is involved, like that of a federal agency under § 1391(e), is contrary to precedent. *See Semper v. Gomez*, 747 F.3d 229, 250 (3d Cir. 2014) (holding the Virgin Islands "does not constitute an 'agency' for purposes of" § 1391(e)).

Gillham also overlooks that § 1391(e)'s "reach should not be expanded beyond the executive branch." *Duplantier v. United States*, 606 F.2d 654, 664 (5th Cir. 1979). In this case, she attempts to sue the judicial branch and its employees—the Virgin Islands Supreme Court and the head of the ODC.

Finally, § 1391(e) does not apply to Gillham's claims for money damages. Section 1391(e) applies to "suits for mandamus" and should not apply to claims for "money damages against federal officers."[2] *Stafford v. Briggs*, 444 U.S. 527, 543-

---

[2] The Supreme Court of the United States warned against applying § 1391(e) to claims for money damages: "If § 1391(e) were construed to govern actions for

44 (1980). Here, Gillham seeks money damages—not mandamus relief. Therefore, § 1391(e) does not apply to Gillham's claims against the Supreme Court and Bailey-Roka.

In sum, Gillham must establish venue under § 1391(b) and, as explained above, she failed to meet this burden.

B. <u>The Court should transfer this case to the District of the Virgin Islands.</u>

Having determined that venue is improper in the Northern District of Texas, the Court must decide whether to dismiss this case or transfer it to an appropriate judicial district. 28 U.S.C. § 1406(a). Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." *Id.* The interest of justice generally requires that the Court transfer the case to the appropriate judicial district rather than dismiss it. *Nuttall*, 984 F. Supp. 2d at 646. Indeed, it is well-settled that the Court "generally prefer[s] transfer to dismissal." *Carter v. H2R Rest. Holdings, LLC*, 2016 WL 4507459, at *4 (N.D. Tex. July 15, 2016) (Horan, J.) (cases collected), *rec. adopted*, 2016 WL 4494370 (N.D. Tex. Aug. 26, 2016) (Godbey, J.); *see Springboards to Educ., Inc. v. Hamilton Cty. Read 20*, 2017 WL 3023489, at *5

---

money damages against federal officers . . . in any of the 95 federal districts covering the 50 states and other areas within federal jurisdiction," then "[t]his would place federal officers, solely by reason of their Government service, in a very different posture in personal damages suits from all other persons" under 28 U.S.C. § 1391(b). *Stafford*, 444 U.S. at 544.

(N.D. Tex. July 14, 2017) (Boyle, J.) ("Courts generally prefer transfer to dismissal, and this Court is no different.").

A transfer here would be in the interest of justice because it would avoid the costs and delay that would likely result from dismissal and refiling. *See Blanchard v. Heart of Texas Region MHMR*, 2008 WL 1867400, at *2 (N.D. Tex. Apr. 25, 2008) (Boyle, J.) (finding that transfer was in the interest of justice rather than a dismissal where, as here, plaintiff appeared to have difficulty serving defendant). And as set forth above, venue is proper in the District of the Virgin Islands because all Defendants are residents of the Virgin Islands and because all the events giving rise to Gillham's claims occurred there. 28 U.S.C. § 1391(b)(1)-(2). *See Martinez*, 2013 WL 1496954, at *5 (transferring the entire case, in which all claims require similar proof, to a court where the case could have been properly filed). Accordingly, the District Court should transfer this action to the District of the Virgin Islands.

## Recommendation

Gillham failed to establish the Northern District of Texas is the proper venue for this civil action under § 1391(b). Accordingly, the Court should GRANT, in part, the Supreme Court and Bailey-Roka's motion (ECF No. 21) pursuant to Rule 12(b)(3) and TRANSFER this action to the District of the Virgin Islands under 28 U.S.C. § 1406(a).

**SO RECOMMENDED.**

July 11, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).